IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOYCEANN MICHAEL,)
)
Plaintiff,)
)
v. ) Civil Action No. 07-901
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
)
Defendant. )

## MEMORANDUM ORDER

This is an appeal from the final decision of the Commissioner denying plaintiff's claim for supplemental security income under Title XVI of the Social Security Act. 42 U.S.C. § 1381, *et. seq.* Plaintiff, Joyceann Michael, alleges that this court should reverse the decision of the ALJ and award her benefits because she is disabled due to depression, knee pain and right hand pain. The parties have filed cross-motions for summary judgment.

Plaintiff argues that the ALJ committed substantial errors of law in determining that she was not disabled within the meaning of the Act, specifically by failing to properly analyze the evidence, failing to find that plaintiff's impairments meet a listing requirement, discounting reports of plaintiff's treating medical sources, making an improper RFC determination, failing to develop proper information from the VE, improperly making an adverse credibility determination, and failing to consider the combined effects of plaintiff's impairments. Defendant's position is that substantial evidence supports the ALJ's decision with respect to all of the assignments of error charged by plaintiff and that the ALJ sufficiently considered the combined effects of plaintiff's impairments.

Where the Commissioner's[1] findings are supported by substantial evidence, we must affirm. *Richardson v. Perales*, 402 U.S. 389 (1971); *Williams v. Sullivan*, 970 F.2d 1178, 1182

---

[1] The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied plaintiff's request for review.

(3d Cir. 1992); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); see also *Welch v. Heckler*, 808 F.2d 264, 266-7 (3d Cir. 1988) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal district court may neither reweigh the evidence, nor reverse the Administrative Law Judge merely because it would have decided the claim differently). Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled.

The ALJ gave full and appropriate consideration to plaintiff's impairments that were credibly established by the record. In considering the listed impairments enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925, and 416.926), the ALJ thoroughly compared the severity criteria of Listings 12.04 and 12.08 and plaintiff's impairments and found that her mental disorders fell short of meeting the requirements. The court can not say that upon this record the finding was not supported by substantial evidence. Nor can it be said that the finding was unreasonable.

The ALJ likewise engaged a comprehensive analysis of the medical evidence contained in the record, including the reports furnished by plaintiff's treating sources. Where the ALJ's findings deviated from a treating source's report, he indicated the reason why and conveyed what evidence was relied upon in reaching such conclusion. An ALJ is permitted to disregard the opinions of a treating physician, as long as the ALJ "give(s) some indication of the evidence that he rejects and his reason(s) for discounting that evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001).

Furthermore, the court finds that the ALJ's RFC determination that plaintiff could perform unskilled sedentary work was supported by substantial evidence and not unreasonable. The ALJ did account for all of plaintiff's limitations arising from her mental and physical impairments to the extent that they were consistent with the objective medical evidence and opinion evidence contained in the record. The ALJ need only include those limitations which he finds to be credible in his RFC determination. See *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000); see also *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). Alleged impairments found to be less than credible by the ALJ were therefore properly excluded

from the RFC determination. See *Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002). An RFC determination is the exclusive responsibility of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 416.927(e)(2), and 416.946. This court finds no occasion to disturb the ALJ's RFC determination on this appeal.

Plaintiff further charges error in that the hypothetical question posed to the vocational expert ("VE") at the administrative hearing did not include all of plaintiff's impairments. Plaintiff's argument, however, is merely a repetition of her argument against the validity of the ALJ's RFC determination. Because the court finds no error in the ALJ's RFC determination, the court likewise finds no error in the hypothetical question posed to the VE at the administrative hearing.

Next, the plaintiff challenges the ALJ's adverse credibility finding as to plaintiff's subjective complaints. The ALJ noted conservative treatment, inconsistencies in plaintiff's subjective reporting and medical evidence that seems to contradict plaintiff's subjective complaints as support for his adverse credibility finding. An ALJ may properly reject subjective testimony as less than credible provided the ALJ explains his reason or reasons for rejecting the testimony. See *Schaudeck v. Commissioner of Social Security*, 181 F.3d 429, 433 (3d Cir. 1999); SSR 96-7p. This court finds the ALJ's determination as to plaintiff's credibility to be reasonable and founded upon substantial evidence and therefore plaintiff's challenge to this finding must necessarily fail.

Plaintiff's final remonstrance to the ALJ's decision is that the ALJ erred in failing to properly consider the combined effect of the plaintiff's impairments. Once again, this assignment of error amounts to nothing more than an attack on the ALJ's RFC determination, a finding this court has already sustained. Furthermore, the court finds that the ALJ did properly evaluate the cumulative effect that plaintiff's impairments would have on her ability to engage in substantial gainful activity, and, thus, find plaintiff's contention to be without merit.

Under these circumstances, the court finds that the ALJ has committed no error of fact or of law, and therefore the decision of the ALJ denying plaintiff's application for supplemental security income will be affirmed.

AND NOW, this  5th  day of November, 2008, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [doc. no. 8] is DENIED and defendant's motion for summary judgment [doc. no. 10] is GRANTED.

IT IS FURTHER ORDERED that final judgment in this court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure and the Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record